HAROLD M. BRODY, SBN 084927
MYLENE J. BROOKS, SBN 175533
PROSKAUER ROSE LLP
2049 Century Park East, 32nd Floor
Los Angeles, CA  90067-3206
Telephone:    (310) 557-2900
Facsimile:     (310) 557-2193
Email:    hbrody@proskauer.com
Email:    mybrooks@proskauer.com

Attorneys for Defendant
COLLEGE ENTRANCE
EXAMINATION BOARD

DANIEL F. PYNE, SBN 131955
HOPKINS & CARLEY
70 South First Street
San Jose, CA  95113
Telephone:   (408) 286-9800
Facsimile:    (408) 998-4790
Email:   dpyne@hopkinscarley.com

Attorneys for Plaintiff
MATTHEW GUAGLIARDO

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| MATTHEW GUAGLIARDO,<br><br>    Plaintiff,<br><br>v.<br><br>COLLEGE ENTRANCE EXAMINATION BOARD, and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No. C07 05325 RMW (PVT)<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Conference date:  February 15, 2008 |

Pursuant to Civil Local Rule 16-9, Defendant College Entrance Examination Board ("Defendant") and Plaintiff Matthew Guagliardo ("Plaintiff"), jointly submit this Case Management Statement.

## 1. JURISDICTION AND SERVICE

This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. sections 1332 and 1441.

The parties assert that personal jurisdiction exists and venue is proper, and no parties remain to be served.

## 2. FACTS

Plaintiff was hired by Defendant on or about July 5, 2006, as a Regional Operations Director. On October 27, 2006, Plaintiff was terminated. Plaintiff claims that he discovered and reported unlawful employment practices during his tenure to managers of Defendant, namely, his direct supervisor, Al Mijares, Western Regional Office Vice President, and to Connie Smith, Executive Vice President of Operations, to whom Mr. Mijares reported, and that as a result of his reporting these unlawful employment practices, he was retaliated against and wrongfully terminated in violation of public policy. Among the unlawful employment practices alleged by the plaintiff were (a) failure to pay overtime compensation, (b) failure to grant meal periods to nonexempt employees, (c) failure to adopt an injury and illness prevention program, and (d) failure to make proper payment of final wages to terminated employees. Plaintiff also alleges that on October 27, 2006, he was terminated but was not paid his accrued but unused vacation pay in violation of Labor Code section 227.3. Defendant denies Plaintiff's allegations in their entirety.

On or about August 21, 2007, Plaintiff filed his civil complaint in the Superior Court for the County of Santa Clara. Subsequently, on October 18, 2007, Defendant removed the action to this Court where it is pending.

## 3. LEGAL ISSUES

1. Whether Defendant terminated Plaintiff in violation of public policy based on his alleged opposition to unlawful employment practices.

2. Whether Defendant retaliated against Plaintiff based on his alleged

- 1 -

- 2 -

        opposition to unlawful employment practices.

3. Whether Defendant failed to pay Plaintiff his accrued but unused vacation time at the time of his termination in violation of Labor Code section 227.3.

4. Whether Plaintiff is entitled to penalties pursuant to Labor Code section 203 for Defendant's alleged failure to pay him his accrued but unused vacation time at the time of his termination.

**4. MOTIONS**

The parties anticipate filing cross-motions for summary judgment.

**5. AMENDMENT OF PLEADINGS**

The parties do not yet know whether any amendment of pleadings will be necessary. Any amendments will be made no later than October 15, 2008.

**6. EVIDENCE PRESERVATION**

All evidence has been preserved.

**7. DISCLOSURES**

The parties anticipate exchanging initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on February 3, 2008.

**8. DISCOVERY**

The parties expect to propound written discovery in the form of document demands, interrogatories, and requests for admission.

The parties do not presently propose to limit or modify the discovery rules except for by agreement to increase the length of fact witness depositions beyond seven hours.

**9. CLASS ACTIONS**

Not applicable.

**10. RELATED CASES**

None.

**11. RELIEF**

Plaintiff seeks damages for emotional distress and loss of income arising from the alleged wrongful conduct of Defendant. Plaintiff also seeks payment of accrued but unused vacation time

- 3 -

1  and corresponding penalties for untimely payment, as well as punitive damages, interest, attorney
2  fees and cost of suit.
3      Plaintiff presently estimates his existing loss of wages and benefits at approximately
4  $120,000, with losses of wages and benefits continuing to accrue at a rate of approximately
5  $40,000 per year.  The plaintiff also seeks to recover general damages for emotional distress and
6  will seek to recover in excess of $500,000 for such damages, plus punitive damages in an amount
7  according to proof.
8      Defendant disagrees with Plaintiff's claim for relief and contends that Plaintiff has suffered
9  no injury and has failed to allege facts sufficient to allow recovery of punitive damages in any
10 event.

**12. SETTLEMENT AND ADR**

Plaintiff made an initial monetary demand prior to filing his civil action, to which Defendant declined to accept or counter.  Since then, the parties have not engaged in settlement discussions.  The parties believe that conducting discovery on the facts surrounding Plaintiff's employment and termination will be necessary to position the parties to negotiate a resolution. The parties intend to participate in mediation as soon as possible but in no event later than the deadline set by the Court regarding participation in the ADR process.

**13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties do not consent.

**14. OTHER REFERENCES**

Not applicable.

**15. NARROWING OF ISSUES**

The parties do not anticipate narrowing any issues at this time.   Furthermore, the parties do not request to bifurcate issues, claims, or defenses at this time but reserve the right to make such a request at a later date.

**16. EXPEDITED SCHEDULE**

Please see proposed schedule in Item 17.

**17. SCHEDULING**

The parties propose the following dates (*see also* Proposed Joint Discovery Planned filed concurrently herewith):

Fact Discovery Cutoff:  September 15, 2008.

Deadline for filing all dispositive motions:  December 5, 2008.

Trial:  January 19, 2009.

**18. TRIAL**

Seven (7) day jury trial.

**19. DISCLOSURES OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The parties know of no non-party interested entity or person other than those already disclosed by the parties, if any.

**20. OTHER MATTERS.**

Defendant hereby attests that counsel for Plaintiff has authorized Defendant to electronically sign this Joint Case Management Statement on Plaintiff's behalf.

Dated:  February 1, 2008

HAROLD M. BRODY
MYLENE J. BROOKS
PROSKAUER ROSE LLP

/S/
Mylene J. Brooks
Attorneys for Defendant
COLLEGE ENTRANCE EXAMINATION BOARD

Dated:  February 1, 2008

DANIEL F. PYNE
HOPKINS & CARLEY

/S/
Daniel F. Pyne
Attorney for Plaintiff
MATTHEW GUAGLIARDO

1  **[PROPOSED] ORDER**

2   The above Joint Case Management Statement is hereby adopted by the Court as the Case
3  Management Order for the case and the parties are ordered to comply with this order.  In addition,
4  the Court orders: _____
5  _____
6  _____
7  _____
8  _____
9  _____
10  _____
11  _____
12  _____
13  _____
14  _____
15  _____
16
17
18  Dated: _____       _____
                                          UNITED STATES DISTRICT JUDGE
19
20
21
22
23
24
25
26
27
28